# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA MADRIGAL,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00809-SAB<br><br>ORDER PARTIALLY GRANTING NATIONSTAR'S MOTION TO DISMISS<br><br>ECF NO. 15 |

On June 19, 2015, Defendant Nationstar Mortgage LLC ("Nationstar") filed a motion to dismiss the First Amended Complaint. (ECF No. 15.) Plaintiff Norma Madrigal ("Plaintiff") filed an opposition on June 25, 2015. (ECF No. 18.) Nationstar filed a reply on June 30, 2015. (ECF No. 19.) Defendant Barrett Daffin Frappier Treder & Weiss LLP ("Barret Daffin") filed a joinder to the motion to dismiss on July 1, 2015. (ECF No. 20.) All parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF Nos. 3, 7, 12.)

The hearing on Nationstar's motion to dismiss took place on July 22, 2015. Bryan M. Leifer appeared on behalf of Nationstar. Lauren Rode appeared on behalf of Plaintiff. James T. Lee appeared on behalf of Barrett Daffin.

For the reasons set forth below, the Court partially grants Nationstar's motion to dismiss and dismisses Plaintiff's breach of contract claims with leave to amend.

/ / /

# I.

# BACKGROUND

The operative complaint is the First Amended Complaint filed on June 17, 2015. (ECF No. 11.) The First Amended Complaint names Nationstar and Barret Daffin as defendants. Plaintiff raises four causes of action: 1) for breach of contract, 2) for breach of the covenant of good faith and fair dealing, 3) for violation of California Business and Professions Code § 17200, and 4) for declaratory and injunctive relief.

Plaintiff alleges that she owns the real property located at 2433 N. Oak Park Ct., Visalia CA 93291 ("the Subject Property"). The original lender for the property was Countrywide Home Loans, Inc. Plaintiff was awarded interest in the home during her divorce from her ex-husband.

Plaintiff alleges that at some point in time unknown to Plaintiff, the beneficial interest in the loan and the servicing of the loan was transferred to Nationstar, with Barrett Daffin acting as the foreclosure trustee.

In March 2014, Plaintiff's monthly mortgage payments were $605.74, which consisted of $119.13 in payments toward the principal, $339.26 in interest, and $147.35 going into escrow for taxes and insurance.

In April 2014, Plaintiff made a payment for $605.74. However, Plaintiff was told that the payment would not be credited toward the loan balance and was instead held in "suspense." (First Am. Compl. ¶ 20.) In May 2014, Plaintiff was told that her escrow payments changed from $147.35 to $546.17. In July and August 2014, Nationstar informed Plaintiff that it had not received payments for July and August. However, Plaintiff alleges that she made those payments. Plaintiff subsequently made payments for September and October 2014, but Nationstar returned those payments and refuses to accept them.

On or around January 21, 2015, Nationstar caused Barrett Daffin to record a Notice of Default against the Subject Property. On or around April 27, 2015, Nationstar caused Barrett Daffin to record a Notice of Trustee's Sale against the Subject Property. A foreclosure auction is scheduled for July 14, 2015 at 1:00 p.m.

1   Plaintiff contends that Nationstar breached the terms of the loan agreement by claiming
2 that the balance is past due on the loan, even though Plaintiff tendered all payments required by
3 the loan. Plaintiff further alleges that Nationstar changed the escrow amount without cause or
4 notice.

5   Nationstar's motion to dismiss argues that Plaintiff's contract claims fail because Plaintiff
6 was not a party to any contract with Nationstar. Nationstar further argues that Plaintiff's claims
7 under California Business & Professions Code § 17200 and Plaintiff's claims for declaratory and
8 injunctive relief fail because they are premised upon the same breach of contract theories.

## II.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

11   Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on
12 the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A
13 complaint must contain "a short and plain statement of the claim showing that the pleader is
14 entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not
15 require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-
16 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
17 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a
18 complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-
19 79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere
20 conclusory statements, do not suffice." Id. at 678.

## III.

## DISCUSSION

### A.   Plaintiff's Breach of Contract Claim

24   At the outset, the Court notes that the facts alleged in Plaintiff's complaint present a
25 rather unusual scenario. Plaintiff alleges that she received the Subject Property from her ex-
26 husband during divorce proceedings and there was a pre-existing mortgage on the Subject
27 Property. Plaintiff made timely payments on the loan, but for reasons unspecified in the
28 complaint, Nationstar refused to accept those payments and chose to initiate foreclosure

proceedings.  In its motion to dismiss, Nationstar contends that the original loan agreement was between Plaintiff's ex-husband and the original lender and Plaintiff has no right to sue for any breach of contract.

Nationstar argues that Plaintiff's contract theories fail because Plaintiff was not a party to the loan agreement securing the Subject Property.  As a general proposition, "someone who is not a party to the contract has no standing to enforce it or to recover extra-contractual damages for the wrongful withholding of benefits to the contracting party."  Jones v. Aetna Casualty & Surety Co., 26 Cal. App. 4th 1717, 1722 (1994) (citing Hatchwell v. Blue Shield of California, 198 Cal. App. 3d 1027, 1034 (1988)).  However, this general proposition is not without exceptions.  For example, California law permits a third party beneficiary to enforce the terms of a contract made for their benefit.  Cal. Civ. Code § 1559; see also Spinks v. Equity Residential Briarwood Apartments, 171 Cal. App. 4th 1004, 1021-22 (2009).  Contractual rights may also be assigned from an original party to the contract to another, see Restatement (Second) of Contracts § 317 (1981), as was presumably the case with Nationstar, who was not the original lender in the loan agreement.  California law also treats a cause of action for breach of contract as property which may be transferred from one entity to another.  Cal. Civ. Code § 954; Morris v. Standard Oil Co., 200 Cal. 210, 214 (1926).

However, in this case, the First Amended Complaint is devoid of any allegations establishing Plaintiff's standing to sue for Nationstar's breach of the loan agreement.  The First Amended Complaint alleges, in conclusory fashion, that "Plaintiff is party to the loan, of which Nationstar is the servicer and beneficiary to the loan."  (First Am. Compl. ¶ 28.)  However, the First Amended Complaint does not allege how Plaintiff is a party to the loan.  The closest Plaintiff comes to explaining how she is a party to the loan is Plaintiff's allegation that she "was awarded interest in and liability for the home during her divorce from her ex-husband."  (First Am. Compl. ¶ 17.)

Plaintiff's vague allegation pertaining to the divorce proceedings is insufficient to establish standing in this action.  The fact that Plaintiff received the Subject Property via divorce proceedings does not explain how she is also a party to a loan agreement secured by the Subject

Property. Plaintiff does not allege facts which plausibly support the conclusion that she should be treated as a third party beneficiary to the loan agreement. Plaintiff does not allege facts which demonstrate that the original signatory to the loan agreement, her husband, made an assignment of his contractual rights to Plaintiff.[1] Plaintiff does not allege that her ex-husband transferred his cause of action for breach of contract to Plaintiff. These facts may be alleged via amendment, but they are not sufficiently alleged at this point in the First Amended Complaint before the Court. As it is, it is unclear how Plaintiff has standing.

Based upon the foregoing, the Court will grant Nationstar's motion to dismiss the breach of contract claim and claim for breach of the covenant of good faith and fair dealing. However, the Court will grant Plaintiff leave to amend the complaint to allege facts establishing her standing to bring these claims.

**B.     Plaintiff's Unfair Competition Claims**

Nationstar contends that Plaintiff's remaining claims fail because they are premised upon Plaintiff's breach of contract claim. However, unfair competition claims under California Business and Professions Code § 17200 are not necessarily premised upon breach of contract. In this case, Plaintiff argues that Nationstar's fraudulent conduct is the basis of the unfair competition claim.

California Business and Professions Code § 17200 states:

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

California's unfair competition law prohibits three broadly defined categories of "unfair competition": acts or practices which are unlawful, or unfair, or fraudulent. Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1168 (9th Cir. 2012). "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs. Id.

---

[1] At oral argument, Plaintiff's counsel stated that there had been no "official" assignment of contractual rights to Plaintiff.

In this case, Plaintiff relies upon the "fraudulent" prong, though the Court notes that the "unfair" prong might also apply. "The term 'fraudulent' as used in section 17200 'does not refer to the common law tort of fraud but only requires a showing members of the public "'are likely to be deceived.'"'" Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 645 (2008) (quoting Saunders v. Superior Court, 27 Cal. App. 4th 832, 839 (1994); Byars v. SCME Mortgage Bankers, Inc., 109 Cal. App. 4th 1134, 1147 (2003)). Much of the conduct alleged in the First Amended Complaint meets this definition. Plaintiff alleged that after she was awarded the Subject Property from the divorce, she continued to make payments on the loan, which Nationstar accepted and processed without objection. It was not until early 2014 that Nationstar began rejecting payments and eventually initiating foreclosure proceedings against the Subject Property. Under a motion to dismiss standard, this can certainly be deceptive from the perspective of Plaintiff, as she had made several monthly payments to no avail. Furthermore, Plaintiff alleges that Nationstar increased the escrow payments required under the loan without cause or explanation. Finally, Plaintiff alleges that Nationstar initiated foreclosure proceedings by claiming Plaintiff was behind on payments when in fact Plaintiff was not—Plaintiff made timely payments but Nationstar had rejected them. This conduct could be "fraudulent" within the meaning of California's unfair competition laws, and hence, defeats a motion to dismiss. Irrespective of Plaintiff's standing to sue in a court of law for a breach of contract, it would be deceptive and unfair to reject loan payments without cause and foreclose on Plaintiff's house, forcing her to move. Accordingly, irrespective of Plaintiff's standing or lack of standing to bring a claim for breach of contract, Plaintiff possesses a valid claim under Section 17200.[2]

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's First Amended Complaint does not state sufficient facts to plausibly support a claim for breach of contract or breach of the covenant of good faith and fair dealing because Plaintiff did not allege sufficient facts to

---

[2] The Court further notes that equitable relief, such as injunctive relief, is authorized under California's unfair competition law. Cal. Bus. & Prof. Code § 17203. Accordingly, Plaintiff's claims for declaratory and injunctive relief remain viable.

establish her standing to sue under those theories. The Court will grant Plaintiff leave to amend her complaint to allege additional facts to establish standing. The Court further finds that Plaintiff's First Amended Complaint states cognizable claims under California's unfair competition law.

    Accordingly, it is HEREBY ORDERED that:

1. Nationstar's motion to dismiss is PARTIALLY GRANTED;
2. Plaintiff's claim for breach of contract and claim for breach of the covenant of good faith and fair dealing are DISMISSED, with leave to amend;
3. Nationstar's motion to dismiss Plaintiff's claim for violation of California's unfair competition law and Plaintiff's claims for injunctive and declaratory relief are DENIED;
4. Plaintiff shall file an amended complaint on or before August 5, 2015.

IT IS SO ORDERED.

Dated: **July 22, 2015**

UNITED STATES MAGISTRATE JUDGE