UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| NORMA MADRIGAL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC;<br>BARRETT DAFFIN FRAPPIER<br>TREDER & WEISS, LLP; DOES 1<br>through 50, inclusive,<br><br>Defendants. | Case No.: 1:15-cv-00809-SAB<br>Hon. Magistrate Judge Stanley A. Boone<br><br>**PROTECTIVE ORDER**<br><br>Complaint filed: May 19, 2015<br>FAC filed: June 17, 2015<br>SAC filed: August 4, 2015<br>Trial Date: June 6, 2017 |

THIS CAUSE is before the Court on the Stipulation for Protective Order filed by plaintiff Norma Madrigal (**plaintiff**) and defendant Nationstar Mortgage LLC (**Nationstar**) pursuant to FED. R. CIV. P. 26(c)(1). The Court, having reviewed the file being otherwise advised, finds there is a potentially significant number of documents to be exchanged in discovery in this case containing plaintiff or non-party Benigno Romero (**Romero**)'s non-public personal information or Nationstar's confidential and proprietary information, such that document-by-document review of discovery

{36609980;1}   1   CASE NO. 1:15-CV-00809-SAB

**PROOF OF SERVICE**

materials will be impracticable if the case is to proceed in an orderly, timely and efficient manner.

The Court further finds the Parties' interests in protecting plaintiff and Romero's non-public personal information and Nationstar's confidential and commercially sensitive information from unnecessary disclosure, and the benefit to the Court of an orderly and expeditious resolution of this matter on its merits, outweigh any societal interest in disclosure of such materials to non-parties. Thus, after due consideration by the Court and for good cause shown, the Court finds it is appropriate to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and to facilitate the preservation of material arguably worthy of protection. Accordingly, it is

**ORDERED and ADJUDGED as follows:**

1. "CONFIDENTIAL" Documents, Materials, and Information. This Order shall govern all documents produced or exchanged, all written answers, deposition answers and other responses to discovery, and all communications of any kind made by plaintiff Norma Madrigal, her attorneys, consultants, agents, and representatives; defendant Nationstar Mortgage LLC, its attorneys, consultants, agents, employees and representatives; and other third parties. "CONFIDENTIAL" materials shall be the documents or information respectively designated under this Order and any notes, work papers, or other documents respectively containing "CONFIDENTIAL" materials derived from such items. Any party may identify any documents or information, including but not limited to discovery materials produced by that party, initial disclosures, documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition exhibits, and all or portions of deposition or hearing transcripts, as "CONFIDENTIAL" and designate the documents or information as such by affixing thereto a legend of "CONFIDENTIAL" or by designating through another method set forth in this Order

or agreed to by the parties.  A party may designate documents or information as "CONFIDENTIAL" to the extent that the party, through counsel, believes such material is confidential because it contains or includes:  (**1**) confidential business or technical information; (**2**) trade secrets; (**3**) proprietary business methods or practices; (**4**) any other competitively sensitive confidential information; (**5**) personal information, including personal financial information about customers or applicants, Romero, any party to this lawsuit, or an employee of any party to this lawsuit; (**6**) information regarding any individual's banking or lending relationships, including, without limitation, information regarding any individual's mortgage or credit history and/or consumer information not otherwise available to the public; and (**7**) any other categories that are later agreed to in writing by the parties or ordered by the Court.

2. <u>Designation of "CONFIDENTIAL" Material</u>.  Documents shall be designated as "CONFIDENTIAL" by stamping them with the word "CONFIDENTIAL" in a manner which will not interfere with their legibility.  This designation shall only be used in a reasonable fashion and upon a good faith determination by counsel a particular document contains non-public information and falls within one of the categories enumerated in Paragraph 1.  This designation shall ordinarily be made before or at the same time as the production or disclosure of the material.  Because materials described in Paragraph 1 shall be covered by this Order, there shall be no waiver of confidentiality if such materials are inadvertently produced without being stamped "CONFIDENTIAL."  Materials already produced in discovery in this litigation may be designated as "CONFIDENTIAL" upon written notice (without stamping), within fourteen (14) days of the entry of this Order, from the party asserting the confidentiality designation to all counsel of record to whom such documents have been produced by notifying the other party of the identity of the documents or information to be so designated.  Any of the parties to this action can

1  remove at any time its designation of "CONFIDENTIAL" from any of the documents
2  or information it has previously so designated.

3      3.    <u>Treatment of "CONFIDENTIAL" Information</u>.  Unless otherwise ordered
4  by the Court, "CONFIDENTIAL" material, and any quotes, summaries, charts or
5  notes made therefrom, and any facts or information contained therein or derived
6  therefrom, shall be held in confidence and used by the parties to whom the documents
7  and information are produced solely for the purpose of this case.  The parties agree to
8  take reasonable steps to maintain the confidentiality of the documents, information
9  and testimony relating thereto.  During the pendency of this litigation,
10 "CONFIDENTIAL" material, including all copies thereof, shall be retained solely in
11 the custody of the parties' attorneys and shall not be placed in the possession of or
12 disclosed to any other person, except as set forth in this Order, as otherwise agreed
13 upon by the parties, or upon leave of Court.  Each person to whom
14 "CONFIDENTIAL" material is disclosed pursuant to this Order is hereby prohibited
15 from exploiting in any way such documents or information for his, her or its own
16 benefit, or from using such information for any purpose or in any manner not
17 connected with the prosecution or defense of this case.

18     4.    "<u>Disclosure</u>."  As used herein, "disclosure" or to "disclose" shall mean to
19 divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise
20 communicate "CONFIDENTIAL" material.

21     5.    <u>Permissible Disclosure of "CONFIDENTIAL" Material</u>.  Except by order
22 of this Court, or otherwise as required by law, material designated as
23 "CONFIDENTIAL" (and any notes or documents that reflect or refer to such
24 documents and information) shall not be disclosed to any person other than:

25     (a)    A party hereto;

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(b) Counsel employed by a party, or an employee of such counsel, to whom it is necessary that the materials be shown or the information known for purposes of this case;

(c) Any employee or agent of a party to whom the "CONFIDENTIAL" materials are shown for the purpose of working directly on or testifying in connection with this litigation at the request of or at the direction of counsel for such party, who has signed an acknowledgement in the form of Exhibit A hereto, which signed acknowledgment shall be retained by the party who has retained such person;

(d) A person retained to assist in this action, such as an investigator, independent accountant, or other technical expert or consultant, who has signed an acknowledgement in the form of Exhibit A hereto, which signed acknowledgment shall be retained by the party who has retained such person;

(e) This Court (or its employees or agents) pursuant to a court filing in connection with this action;

(f) Any person(s) designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(g) Members of the jury at a public trial of this matter, subject to the requirements of Paragraph 11 below; or

(h) A person who is deposed or who testifies at the hearing in this matter who has signed an acknowledgement in the form of Exhibit A hereto, which signed acknowledgment shall be retained by the party who has compelled such person to testify at a deposition or trial.  If the witness refuses to sign such form, the party compelling such testimony shall immediately notify opposing counsel and permit them seven (7) days to seek redress with the Court.

6. <u>Review of Own "CONFIDENTIAL" Materials</u>.  The restrictions of this Order shall not apply to parties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "CONFIDENTIAL" materials.

7. <u>Deposition Transcripts</u>. Deposition testimony and deposition exhibits containing "CONFIDENTIAL" material shall be covered by this Order.  During a deposition taken in this matter, any party may, on the record, designate as "CONFIDENTIAL" portions of the deposition testimony or deposition exhibits. Alternatively, a party may, by written notice to opposing counsel and the court reporter not later than fourteen (14) business days after receipt of the deposition transcript, designate as "CONFIDENTIAL" any portions of the deposition testimony or deposition exhibits.  Until expiration of the above fourteen (14) day period, all deposition transcripts will be treated as "CONFIDENTIAL" material unless otherwise agreed to in writing by the parties.

8. <u>Objections to "CONFIDENTIAL" Designations</u>.  To the extent that any party contests a designation under this Order, such party shall object to such designation in writing.  The parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies.  If the parties are unable to reach an agreement regarding the designation, then the party objecting to such designation shall file an appropriate motion with the Court for a ruling that the documents or other information shall not be accorded such status and treatment.  In the event that such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing that the designation is proper.  Until this Court enters an order changing the designation of such documents or information, such document or information shall continue to be protected as provided by this Order.  Should the Court rule in favor of the party objecting to the confidentiality designation, the party asserting the designation shall produce a copy of the document(s) without the "CONFIDENTIAL" designation.

9. <u>Disclosing "CONFIDENTIAL" Material</u>.  If any party wishes to disclose any "CONFIDENTIAL" material beyond the terms of Paragraphs 5-6 of this Order, that party shall provide all other parties with reasonable notice in writing of the request to disclose the materials, unless otherwise required by law.  If the parties cannot resolve their disagreement with respect to the disclosure of any designated information, then a party may petition the Court for a determination of these issues.  In the event that such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing that the designation is proper. Such "CONFIDENTIAL" material shall remain "CONFIDENTIAL" as stipulated by this Order until the Court rules on the party's specific petition.

10. <u>Pleadings and Other Court Submissions</u>.  Each party agrees that when filing with Court any papers (including, without limitation, affidavits, memoranda, interrogatory answers or depositions) that disclose directly or indirectly any "CONFIDENTIAL" material, such papers shall be filed under seal in accordance with the Court's local rules and requirements for filing documents under seal.

The parties further recognize the possible need to use documents marked "CONFIDENTIAL" during the trial of this matter.  However, the parties agree to take reasonable steps to protect the confidentiality of any trial exhibits so designated to include asking the Court to ensure that any such documents referred to or offered into evidence at trial are filed with the Court under seal.

11. <u>Document Retention</u>.  After the conclusion of this matter (including the expiration of all appeals), all originals and reproductions of the "CONFIDENTIAL" materials shall be returned to the producing party within thirty (30) days of such conclusion or be destroyed (in which case counsel for the party destroying said documents shall certify in writing to the producing party within thirty (30) days of such conclusion that destruction of the "CONFIDENTIAL" materials has taken place).  Insofar as the provisions of this Order restrict the use of the documents produced

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

hereunder, the Order shall continue to be binding throughout and after the conclusion of this case, including all appeals, except as set forth in Paragraph 13.

12. <u>Admissibility</u>.  Nothing in this Order shall be construed to limit any party from producing or introducing any document into evidence at public hearing.  Subject to the Rules of Evidence, "CONFIDENTIAL" materials and other confidential information may be offered in evidence at trial or any court hearing.  Any party may move the court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure of any "CONFIDENTIAL" material. The Court will then determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

13. <u>Scope of Discovery</u>.  Nothing in this Order shall preclude any party from opposing production of any documents or information, or from seeking further or different relief should future pretrial activities indicate such a need.

14. <u>Client Consultation.</u>  Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and further the interests of his or her client, provided, however, the attorney shall not disclose any material designated for protection hereunder where such disclosure would be contrary to the terms of this Order.

15. <u>Discretion of the Court.</u>  Nothing in this Order shall apply to, bind, or limit the Court or its employees in the performance of their duties. Notwithstanding any foregoing suggestion to the contrary, the Court shall retain final and complete authority to re-designate any material previously designated as "CONFIDENTIAL" as a public document.

16. <u>Notice of Breach</u>.  It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify

counsel for the opposing and producing parties of such breach or threatened breach. The parties shall make every reasonable effort to mark all discovery containing "CONFIDENTIAL" materials, but the mistaken or inadvertent failure to mark the discovery material, where notice has otherwise been given it contains "CONFIDENTIAL" materials, shall not exempt it from the provisions of this Order.

17. <u>Litigation Use Only</u>.  All "CONFIDENTIAL" materials produced in this litigation, whether by a party or nonparty, and whether pursuant to the Rules of Civil Procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

18. <u>Subpoena by Other Court or Agencies.</u>  If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" materials that a party obtained under the terms of this Order, the party receiving the subpoena shall promptly notify the party or other person who designated the "CONFIDENTIAL" materials of the pendency of such subpoena or order.

19. <u>Inadvertent Disclosure Protection</u>.  Review of the "CONFIDENTIAL" materials labeled "CONFIDENTIAL" by counsel, experts, or consultants in the litigation shall not waive the "CONFIDENTIAL" designation or any objections to production.  "CONFIDENTIAL" materials inadvertently produced by any party or nonparty through discovery in this action without having been designated as "CONFIDENTIAL" shall be subject to the provisions of this Order to the same extent as if the inadvertent disclosure had not occurred so long as there is reasonable notice to the other party of the inadvertent disclosure.  If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly, upon discovery of such disclosure, so

advise the receiving party in writing and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within fourteen (14) calendar days of receiving a written request for the return of such item or items of information from the producing party.

20. <u>Non-Parties.</u> Non-parties who are required to produce "CONFIDENTIAL" material in response to a subpoena, and who in good faith believe that such material contains confidential information, may rely on this Order and apply it to their production.

21. <u>Responsibility of Attorneys.</u>  The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, the duplication of, access to, and distribution of copies of materials labeled "CONFIDENTIAL."  Parties shall not duplicate any such materials except for working copies and for filing in court under seal. The attorneys of record further are responsible for employing reasonable measures to control, consistent with this Order, the dissemination or revelation of confidential information.

IT IS SO ORDERED.

Dated:  **November 20, 2015**

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

## Certification Re: Confidential Discovery Materials

I hereby acknowledge I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, U.S. District Court, Eastern District of California Case No. 1:15-cv-00809-SAB.

I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of a stipulation and protective order filed in this Proceeding. I have been given a copy of the stipulation and protective order. I certify that I have read it and that I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the stipulation and protective order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted under the terms of the stipulation and protective order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this stipulation and protective order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this ___ day of ___, 20___, at _____.

_____
Signature

_____
Printed Name

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342