# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA MADRIGAL,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00809-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO FILE SEPARATE STATEMENT OF UNDISPUTED FACTS<br><br>(ECF No. 61) |

On January 31, 2017, Defendant Nationstar Mortgage filed a motion for summary judgment. (ECF No. 56-58.) On February 1, 2017, Defendant filed an amended notice of motion for summary judgment, the declaration of Ashley E. Calhoun, a motion to file a separate statement of undisputed facts, and a statement of undisputed facts in support of the motion for summary judgment. (ECF No. 59-62.)

Pursuant to the August 19, 2015 scheduling order, all dispositive motions were to be filed by January 31, 2017. (ECF No. 26.) On January 31, 2017, Defendant filed a motion for summary judgment, however the separate statement of undisputed facts was inadvertently not completed and filed. (Decl. of Ashley E. Calhoun ¶ 12, ECF No. 12.) Upon realizing the error, counsel finalized the statement of undisputed facts and filed it on February 1, 2017. (Id.)

Federal Rule of Civil Procedure 6(b)(1)(B) governs extensions of time after the relevant deadline has expired and states, in pertinent part that the Court may extend time "on motion

1  made after the time has expired if the party failed to act because of excusable neglect." "This
2  rule ... '[is] to be liberally construed to effectuate the general purpose of seeing that cases are
3  tried on the merits.'" Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010)
4  (quoting Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983)).

5      Courts have recognized that the excusable neglect standard in Rule 6(b) extends to
6  inadvertent delays. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership
7  (Pioneer), 507 U.S. 380, 391 (1993). To determine whether a party's failure to meet a deadline
8  constitutes "excusable neglect", the Court considers four factors: 1) the danger of prejudice to
9  the opposing party; 2) the length of the delay and its potential impact on the proceedings; 3) the
10 reason for the delay, including whether it was in the reasonable control of the movant; and 4)
11 whether the movant acted in good faith. Pioneer, 507 U.S. at 395.

12     In this case, the Court finds no prejudice to Plaintiff as the "undisputed facts" are set
13 forth in the statement of facts section of Defendant's motion for summary judgment. (ECF No.
14 56 at 6-9.) Defendant filed the statement of undisputed facts the following day and it will
15 therefore have no impact on the proceedings. While the reason for the delay was within the
16 reasonable control of Defendant, there is no indication that Defendant acted in bad faith.

17     Accordingly, Defendant's motion to file the separate statement of undisputed facts is
18 HEREBY GRANTED.

19
20 IT IS SO ORDERED.

21 Dated: **February 2, 2017**

                UNITED STATES MAGISTRATE JUDGE