# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA MADRIGAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>　　　　Defendants. | Case No.  1:15-cv-00809-SAB<br><br>ORDER DENYING DEFENDANT'S REQUEST TO SEAL DOCUMENTS<br><br>(ECF No. 58)<br><br>FIVE-DAY DEADLINE |

　　　　On January 31, 2017, Defendant Nationstar Mortgage LLC filed a motion for summary judgment along with a request to file documents in support of the motion under seal.

　　　　Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)).  Nevertheless, this access to judicial records is not absolute.  Kamakana, 447 F.3d at 1172.  The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989).  Where documents such as those presented here are accompanying a motion for resolution of disputes on the merits that "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,] . . . " 'compelling reasons' must be shown to

seal judicial records attached to a dispositive motion." <u>Kamakana</u>, 447 F.3d at 1179.

The party seeking to have the document sealed must present "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. <u>Kamakana</u>, 447 F.3d at 1180. The Court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed. <u>Id.</u> at 1178-79. This requires the Court to conscientiously balance the competing interests of the public in accessing the records and the party who seeks to keep the records secret. <u>Id.</u> at 1179. The Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." <u>Id.</u> (citations omitted).

Defendant moves to seal the documents pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq., the California Financial Information Privacy Act, Financial Code § 4050, et. seq. and Article I, section I, of the California Constitution. Defendant contends that the documents, which include a nonparty's name, address, and financial information, should be sealed because a nonparty is entitled to greater privacy protection of his/her nonpublic personal information. Since the nonparty has no connection to this litigation whatsoever, every protection possible, including sealing of the declaration and exhibits, should be imposed on the declaration of Nationstar along with the exhibits and declaration of Ashley E. Calhoun along with the exhibits in support of its motion for summary judgment.

To the extent that Defendant is seeking to have the documents sealed because they were marked as confidential pursuant to the protective order, the fact that a party designates a document as confidential does not demonstrate good cause, much less a compelling reason outweighing the public interest in accessing the records. A non-party may not rely on a blanket protective order between the parties and a blanket protective order is not a compelling reason to seal court records. <u>Foltz v. State Farm Mutual Automobile Insurance Co.</u>, 331 F.3d 1122, 1138 (9th Cir. 2003.) The Court will not order documents sealed merely because a party designates them as confidential.

1    The first document which Defendant seeks to have sealed is the request for admissions 2 propounded to Plaintiff and accompanying exhibits. "Simply mentioning a general category of 3 privilege, without any further elaboration or any specific linkage with the documents, does not 4 satisfy the burden" to show compelling reasons to seal the documents. Kamakana, 447 F.3d at 5 1184. Upon review of these documents, the Court finds that they do mention Plaintiff's ex-6 husband's name and the address of the property, however this information is already in the 7 public record. (See ECF Nos. 1 at 22, 11 at 24, 15 at 4, 16 at Exhibit 1, ECF No. 23 at 5, ECF 8 No. 23-2.) Additionally, the Court does not find any personal financial information related to 9 Plaintiff or her ex-husband in the documents. While the documents set forth the monthly loan 10 payments and breakdown of the payments, this information is set forth within Defendant's 11 motion. The request to seal the request for admissions and documents attached shall be denied 12 as the Court finds that Defendant has not demonstrated that compelling reasons exist to seal the 13 documents.

14    Defendant also seeks to seal Plaintiff's deposition. However, to the extent that 15 information exists within the deposition which could potentially be entitled to protection, 16 Defendant's request to seal the entire deposition transcript is overbroad. If there is specific 17 testimony in the deposition that would be entitled to protection, redaction of the specific 18 testimony would be appropriate rather than sealing the entire transcript. Defendant may renew 19 the request identifying the specific testimony that is alleged to be entitled to protection and 20 identifying the compelling reason that exists to redact the information.

21    The Court finds that Defendant has not met its burden of presenting "articulable facts" 22 identifying the interests that favor secrecy and show that these specific interests overcome the 23 presumption of access because they outweigh the public's interest in understanding the judicial 24 process. Kamakana, 447 F.3d at 1180.

25    Based on the foregoing, IT IS HEREBY ORDERED that:

26    1.    Defendant's motion to file documents under seal is DENIED;

27    2.    Within five days from the date of entry of this order, Defendant shall:

28        a.    file a renewed motion to file documents under seal specifically identifying the

        information which is entitled to protection and the compelling reasons that exist to file the information under seal; and

   b.    file any documents in support of the motion for summary judgment for which the Court has denied the motion to seal; and

   c.    The Court will not consider any of the documents submitted in the motion to seal unless they are filed in the record or a renewed request to seal is granted.

IT IS SO ORDERED.

Dated: **February 17, 2017**

UNITED STATES MAGISTRATE JUDGE

4